(32 Misc. Rep. 80.)

PEOPLE ex rel. METZ v. LANTRY, Commissioner of Correction.

(Supreme Court, Special Term, New York County. June, 1900.)

1. MUNICIPAL CORPORATIONS—APPOINTMENT OF OFFICERS—CIVIL SERVICE.

The commissioner of correction of New York City in May, 1898, made a requisition on the municipal civil service commission for an eligible list for the position of gate keeper in his department, and, on being advised that none existed, and that pending the preparation of a list a temporary appointment might be made, temporarily appointed a former gate keeper. On September 25, 1899, an eligible list was received, and, the name of the temporary appointee not appearing thereon, he was dismissed, without charges preferred, or any statement of the cause of dismissal, or any opportunity for a hearing. Held, that such temporary appointee was properly removed, under regulation 34 of the rules of the civil service commission, in force March 5, 1898, providing that, when there is no eligible list for the position for which a requisition is made, any department may make a temporary appointment, and the right of such temporary appointee to retain such position shall cease within five days, on the receipt by the department of a certification from the secretary of the civil service commission of an eligible list.

2. SAME.

The commissioner of correction of New York City made a requisition on the municipal civil service commission for an eligible list for the position of gate keeper in his department, and, on being advised that none existed, temporarily appointed a former gate keeper, by the following order: "M. is hereby reappointed temporarily in this department as keeper," etc. Held, that the use of the word "reappointed" in the order did not convert the temporary appointment into a permanent one.

3. SAME—APPOINTMENT OF OFFICERS—EXAMINATIONS.

Under regulation 43 of the rules of the civil service commission, providing that any person employed in the service of the city of New York, who shall be certified to the secretary of the proper authorities to have left such service without fault or delinquency on his part, may be re-employed in the same position within three years next following his leaving the service; that if such employment was, after due certification for the same, under these rules or under statutes in force at the time the examinations were held, such person may be re-employed without further examination, and, if it was not subject to these rules or to such statutes, such person may be re-employed on passing an examination,—a former gate keeper in the department of charities and correction (a position now in the classified service), who has never taken an examination, cannot be permanently reappointed without an examination.

Application for a writ of peremptory mandamus by the people, on the relation of Otto Metz, against Francis J. Lantry, as commissioner of correction. Motion denied.

Mayer & Gilbert (Julius M. Mayer, of counsel), for relator.
John Whalen, Corp. Counsel, for respondent.

LEVENTRITT, J. The relator was a gate keeper in the department of charities and correction from the 18th day of April, 1892, until the 14th day of August, 1895, when he was dismissed without any fault or delinquency on his part. On the 2d day of May, 1898, the respondent made a requisition on the municipal civil service commission for an eligible list for the position of keeper in his department, and on the same date received an answer advising him that at that time none existed, and that, pending the preparation of a suitable eligible list, temporary appointments to the position of keeper might be made. Thereupon, and on the 31st day of May, the respondent appointed the relator by the following order:

"Otto Metz is hereby reappointed temporarily in this department as keeper, and assigned to duty at Third district prison, at a salary at the rate of $800 per annum, in place of John J. O'Connor, keeper, who is transferred to penitentiary, at a salary of $800 per annum."

On the 25th day of September, 1899, an eligible list was received by the respondent from the municipal civil service commission, and, the name of the relator not appearing thereon, he was on that day dismissed by verbal notice. No charges were preferred against him, nor was any statement of the cause of the dismissal furnished the relator or filed with the commission, nor was any opportunity for a hearing given. I am of the opinion that none of these preliminaries were requisite, and that the relator was properly and necessarily removed. It must be apparent from the undisputed facts that the appointment of the relator was a temporary one, under regulation 34 of the rules of the civil service commission, which became effective on the 5th day of March, 1898, and which were in force at the time the relator was placed in his former position. That regulation provided:

"When there is no eligible list for the position for which a requisition is made, * * * and upon receipt of a certificate to that effect from the secretary of the civil service commission, any department may make a temporary appointment to said position, and an eligible list shall thereupon be prepared, and the position shall then be filled therefrom. The right of such temporary appointee to retain such position shall cease within five days on the receipt by the department so appointing of a certification from the secretary of the civil service commission of an eligible list."

The respondent applied for an eligible list. He was advised that there was none, and that he might make a temporary appointment. Within the month he orders the "temporary reappointment" of the relator. While the use of the word "reappointment" in the order was, perhaps, unfortunate, and not in literal accordance with any language of the act in force, I do not follow the relator in his argument that its use converted the manifestly intended temporary

appointment into a permanent one.  In view of the interchange of letters, the argument that the use of the word "temporarily" is surplusage is forced, and not founded in fact, while the distinctions the relator would draw between appointment and reappointment approach dangerously near to quibbling.  It is a serious question whether the relator could have in May, 1898, received any other than a temporary appointment.  The very rule invoked by him to prove his case argues the other way.  Regulation 43 of the rules in force at the time of his appointment reads:

"Any person employed in any position in the service of the city of New York, who shall be certified to the secretary by the proper authorities to have left such service without fault or delinquency on his part, and to have performed the duties creditably, may be re-employed in the same position within three years next following his leaving the service.  If such employment was, after due certification for the same, under these rules, or under statutes in force at the time the examinations were held, such persons may be re-employed without further examination.  If it was not subject to these rules, or to such statutes, such person may be re-employed upon passing an examination pursuant to these rules.  If several persons are so certified they shall be placed upon a separate eligible list pursuant to these rules."

The relator was within the three-years limit, but it does not appear that he was of the class that could be reappointed without examination.  Conceding—concerning which there is no proof, however—that there has been proper certification, it does not appear that the relator, whose position is now in the classified service, did at any time take an examination for that position.  Of course, had he been continued in office, no examination would have been necessary upon the extension of the classified service.  People v. Knox, 45 App. Div. 537, 61 N. Y. Supp. 472.  But, having left or having been separated from the service, he could only be reinstated without examination provided he had, under some statute or rule, taken one previously.  One of the objects of civil service laws and of the rules and regulations thereunder is to obtain, by means of satisfactory examination, persons qualified for the respective positions embraced within the scope of the act.  As the number of classified positions subject to competitive tests is increased, those seeking to qualify must pass the appropriate examination; but, when an examination has been successfully passed in accordance with the law and rules operative at the time of the appointment, no further test is required, attendant on a change in the law.  This I understand to be the proper interpretation of regulation 43; and the relator, not having passed any examination, could not be reappointed without one, and could, it seems, therefore, be assigned only temporarily.  The rules of March 5, 1898, have been superseded by those of July 11, 1899, adopted and approved pursuant to the provisions of the White law (chapter 370, Laws 1899).  According to rule 34, no provisional appointment in force at the time of the adoption and promulgation of the new rules could continue for a period longer than one month.  Strictly speaking, then, the relator should have been discharged on August 11, 1899.  He certainly has no cause for complaint if the respondent, awaiting the arrival of an eligible list, retained him in office a month longer.  His appointment was merely a temporary

one, incapable of ripening into permanency. People v. Scannell (Sup.) 66 N. Y. Supp. 182.

Motion denied, with $10 costs.