In the Matter of the Application of Denis O'Sullivan, Respondent, for a Peremptory Writ of Mandamus against Charles H. Knox and Others, Commissioners of the Municipal Civil Service Commission of the City of New York, Appellants.

*Temporary stenographer of the New York Municipal Court in office July 11, 1899 — his term ended August 10, 1899 — the sickness of the judge appointing him did not operate to extend it.*

The employment of a temporary stenographer of the Municipal Court of the city of New York, who entered upon the discharge of his duties April 1, 1898, terminated August 10, 1899, at which date there was an eligible list made up by competitive examination from which a permanent appointment could be made, by virtue of rule 34 of the rules of the municipal civil service commission of the city of New York, approved and promulgated by the State Civil Service Commission on the 11th day of July, 1899, providing, in conformity with section 14 of the Civil Service Law (Laws of 1899, chap. 370), "nor shall any provisional appointment, in force at the time of the adoption and promulgation of these rules, continue for a longer period than one month."

The fact that the justice by whom the stenographer was appointed was taken seriously ill prior to August 10, 1899, and was unable to make an appointment from the eligible list, and that in consequence thereof the temporary stenographer was requested by the chief clerk of the court to continue his services which were essential to the proper discharge of the business of the court, and that he did so until October 16, 1899, does not create any liability upon the part of the city to pay for the services thus rendered.

Appeal by Charles II. Knox and others, commissioners of the municipal civil service commission of the city of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of September, 1900, granting a peremptory writ of mandamus commanding the defendants to place the name of the relator upon the payroll, and certify the amount of relator's salary or compensation to the comptroller of the city of New York, from the 10th day of August, 1899, to the 16th day of October, 1899, and also to certify that the relator has been lawfully employed, pursuant to law and the rules of the civil service commission, as a stenographer of the Municipal Court of the city of New York, from the 10th day of August, 1899, to the 16th day of October of the same year.

*Terence Farley*, for the appellants.

*George F. Langbein*, for the respondent.

Hatch, J.:

It appears by the stipulation of the parties made herein and the testimony of the relator that on March 19, 1898, he was appointed a temporary stenographer of the Municipal Court of the city of New York, in the fifth district of the borough of Manhattan, by Henry M. Goldfogle, judge of such court; that he entered upon the discharge of his duties on the 1st day of April, 1898, and continued therein to the 16th day of October, 1899.

The defendants certified to the employment of the relator upon the payrolls of the city up to the 10th day of August, 1899, but refused after that time to insert relator's name in the payroll or certify that he was entitled to any compensation from the city as such stenographer, or otherwise.

At the time of the appointment of the relator and until the 11th

day of July, 1899, the State Civil Service Commission had not, pursuant to chapter 370 of the Laws of 1899, promulgated and approved the rules adopted by the defendants as commissioners of the municipal civil service commission of the city of New York. Upon the last-named day, however, the State Civil Service Commission approved and promulgated the rules of such municipal civil service commission. By the provisions of section 14, chapter 370 of the Laws of 1899, it is provided that a temporary or provisional appointment shall not continue for a longer period than one month after the same shall have been made, and by the provisions of rule 34 of the municipal civil service commission rules, it is, among other things, provided that whenever there exists urgent reasons for filling a vacancy in any position in the competitive class, and there is no list of persons eligible for appointment after a competitive examination, the appointing officer may nominate a person to the municipal civil service commission for non-competitive examination, and if such person nominated be certified by such commission as qualified he may be appointed provisionally to fill such vacancy until the certification and appointment can be made from a competitive examination, "but such provisional appointment shall not continue for a longer period than one month, nor shall any provisional appointment, in force at the time of the adoption and promulgation of these rules, continue for a longer period than one month."

Such rule is authorized by section 6 of the act of 1899, and seems to be essential to the proper enforcement of the scheme of the act. It is clear, therefore, that the commissioners certified to the provisional employment of the relator for the period of one month after the promulgation of the rules, and that such period expired on the 10th day of August, 1899.

It appears that upon the last-named date there was an eligible list made up by competitive examination, held pursuant to law, from which a permanent appointment could be made. It would seem to follow, therefore, by express provision of law, that the relator's appointment and employment could not lawfully continue beyond the 10th day of August, 1899, and that the insertion of his name in the payroll and certification that he was entitled to compensation by the municipal civil service commission would be an act in violation of law.

It is claimed by the relator that the justice by whom he was appointed was, prior to the 10th day of August, 1899, taken seriously ill, by reason of which he was unable to comply with the terms of the act by making an appointment from the eligible list; that in consequence of such condition the relator was requested to continue his service, which was essential to the proper discharge of the business of the court, by the chief clerk of the court, and that he did so continue to render service until the 16th day of October, 1899; that the illness of the justice was occasioned by act of God, and as the service rendered was necessary, out of such situation was created a liability on the part of the city to pay therefor.

The answer to this claim is found in the fact that it cannot make the slightest difference, in determining the status of the relator, whether the justice was physically disqualified from making such appointment from the eligible list or not; but even though such disqualification was produced by the act of God it would be the same if it proceeded from any other cause. Had the justice been able to make the appointment he could not have appointed the relator, nor could he continue him temporarily, and so far as the chief clerk is concerned he had no authority to appoint under any circumstances, nor could he continue the relator in his employment and thereby create liability against the city. There was no provision of law authorizing the continuance of the relator in his employment; on the contrary, the statute expressly prohibited it. Of this condition the relator was bound to take notice, and if thereafter he chose to render service it must be deemed to have been a voluntary service and created no liability upon the part of the city to pay therefor. (*Wittmer* v. *City of New York*, 50 App. Div. 482.)

As the relator did not show himself entitled to the writ the order granting it should be reversed, with fifty dollars costs and disbursements, and proceeding dismissed.

Van Brunt, P. J., Rumsey, Ingraham and McLaughlin, JJ., concurred.

Order reversed, with fifty dollars costs and disbursements, and proceeding dismissed.