MARIA McBRIDE, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

*Civil service rule — when a nurse, temporarily appointed, although not having complied therewith, may recover for her services.*

A nurse appointed by the department of charities in the city of New York, as "Nurse at a salary of $240 per annum, vice Sallie L. Stoudt, action to date May 25th. (Temporary emergency — subject to civil service)," after the department has been informed by the secretary of the civil service commission that no eligible list from which to make appointments to that position is in existence, is entitled, although her appointment is within the requirements of the Civil Service Law, to maintain an action against the city of New York to recover her salary for services rendered as a nurse in the Randall's Island Asylum.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 26th day of June, 1900, upon the decision of the court rendered after a trial at the Kings County Trial Term, a jury having been waived.

*William J. Carr,* for the appellant.

*William O. Miles,* for the respondent.

GOODRICH, P. J.:

The plaintiff sues for salary as nurse in the Randall's Island Asylum under the charge of the department of charities of the city

of New York. The city rejects the claim on the ground that the plaintiff's employment was illegal, being in violation of the Civil Service Law (Laws of 1899, chap. 370). The plaintiff was appointed by the department on May twenty-seventh as "Nurse at a salary of $240 per annum, vice Sallie L. Stoudt, action to date May 25th. (Temporary emergency — subject to civil service.)" Before her appointment the department wrote the secretary of the civil service commission requesting an eligible list for nurses in order to make appointments therefrom and received an answer that no such lists were in existence. The plaintiff was thereupon appointed in what seems to have been a public emergency.

The Greater New York charter (Laws of 1897, chap. 378), chapter 13, imposes upon the department the duty of maintaining the Randall's Island Asylum for the care of sick children. Necessarily incident to that maintenance are nurses. It is true the plaintiff's appointment is within the requirement of the Civil Service Law. The object of that law is to increase the efficiency of the civil service, but we cannot construe it as intended by the Legislature to bring an end to the business of caring for children in the asylum. The duty was imposed upon the department to make provision for continuing the asylum, and there was an exigency which required the department to provide nurses for the care of the children. This duty is a public one, to which the administration of the Civil Service Law is ancillary. It was fulfilled by the appointment of the nurse, and she served as such.

For these reasons we think the judgment should be affirmed.

All concurred.

Judgment affirmed, with costs.