O'SULLIVAN v. KNOX et al., Commissioners.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

COURT STENOGRAPHER—CIVIL SERVICE—TEMPORARY APPOINTMENT.

> Under Laws 1899, c. 370, § 14, providing that any temporary appointment shall not continue for longer than one month, and requiring appointments to be made by examination, relator, who had been appointed temporary court stenographer before the law was adopted, and whose appointment was certified for one month after such appointment, was not entitled to compensation for any time after the expiration of the month, though the appointing judge was ill at such time, and unable to make appointment, and relator was requested by the clerk of court to continue in office; since the judge in any case could not have appointed or continued relator in office.

Appeal from special term, New York county.

Application by Dennis O'Sullivan for peremptory writ of mandamus against Charles Knox and others of the civil service commission of the city of New York to compel defendants to place the applicant's name on the pay roll, and certify the amount of salary due, and also to certify that the applicant had been lawfully employed by the stenographer of the municipal court from August 1, 1899, to October 10, 1899. From an order granting the writ, defendants appeal. Reversed and dismissed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, INGRAHAM, and McLAUGHLIN, JJ.

Terence Farley, for appellant.
George F. Langbein, for relator.

HATCH, J. It appears by the stipulation of the parties made herein and the testimony of the relator that on March 19, 1898, he was appointed a temporary stenographer of the municipal court of the city of New York, in the Fifth district of the borough of Manhattan, by Henry M. Goldfogle, judge of such court; that he entered

upon the discharge of his duties on the 1st day of April, 1898, and continued therein to the 16th day of October, 1899. The defendants certified to the employment of the relator upon the pay rolls of the city up to the 10th day of August, 1899, but refused after that time to insert relator's name in the pay roll, or certify that he was entitled to any compensation from the city as such stenographer or otherwise. At the time of the appointment of the relator, and until the 11th day of July, 1899, the state civil service commission had not, pursuant to chapter 370 of the Laws of 1899, promulgated and approved the rules adopted by the defendants as commissioners of the municipal civil service commission of the city of New York. Upon the last-named day, however, the state civil service commission approved and promulgated the rules of such municipal civil service commission. By the provisions of section 14 of chapter 370 of the Laws of 1899 it is provided that a temporary or provisional appointment shall not continue for a longer period than one month after the same shall have been made, and by the provisions of rule 34 of the municipal civil service commission rules it is, among other things, provided that, whenever there exist urgent reasons for filling a vacancy in any position in the competitive class, and there is no list of persons eligible for appointment after a competitive examination, an appointing officer may nominate a person to the municipal civil service commission for noncompetitive examination; and, if such person nominated be certified by such commission as qualified, he may be appointed provisionally to fill such vacancy until the certification and appointment can be made from a competitive examination, "but such provisional appointment shall not continue for a longer period than one month, nor shall any provisional appointment in force at the time of the adoption and promulgation of these rules continue for a longer period than one month." Such rule is authorized by section 6 of the act of 1899, and seems to be essential to the proper enforcement of the scheme of the act. It is clear, therefore, that the commissioners certified to the provisional employment of the relator for the period of one month after the promulgation of the rules, and that such period expired on the 10th day of August, 1899. It appears that upon the last-named date there was an eligible list made up by competitive examination, held pursuant to law, from which a permanent appointment could be made. It would seem to follow, therefore, by express provision of law, that the relator's appointment and employment could not lawfully continue beyond the 10th day of August, 1899, and that the insertion of his name in the pay roll and certification that he was entitled to compensation by the municipal civil service commission would be an act in violation of law. It is claimed by the relator that the justice by whom he was appointed was, prior to the 10th day of August, 1899, taken seriously ill, by reason of which he was unable to comply with the terms of the act by making an appointment from the eligible list; that, in consequence of such condition, the relator was requested to continue his service, which was essential to the proper discharge of the business of the court, by the chief clerk of the court, and that he did so continue to render service until the 16th day of October, 1899; that the illness of the justice

was occasioned by act of God, and, as the service rendered was necessary, out of such situation was created a liability on the part of the city to pay therefor. The answer to this claim is found in the fact that it cannot make the slightest difference, in determining the status of the relator, whether the justice was physically disqualified from making such appointment from the eligible list or not, but, even though such disqualification was produced by the act of God, it would be the same if it proceeded from any other cause. Had the justice been able to make the appointment, he could not have appointed the relator, nor could he continue him temporarily; and, so far as the chief clerk is concerned, he had no authority to appoint under any circumstances, nor could he continue the relator in his employment, and thereby create liability against the city. There was no provision of law authorizing the continuance of the relator in his employment; on the contrary, the statute expressly prohibited it. Of this condition the relator was bound to take notice, and if thereafter he chose to render service it must be deemed to have been a voluntary service, and created no liability upon the part of the city to pay therefor. Wittmer v. City of New York, 50 App. Div. 482, 64 N. Y. Supp. 170. As the relator did not show himself entitled to the writ, the order granting it should be reversed, with $50 costs and disbursements, and proceeding dismissed. All concur.