### GRAHAM v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. November, 1900.)

CITIES—EMPLOYMENT OF HELP—LIABILITY FOR SERVICES.
    Though employment of a person for a city be by the proper official, it is not liable for his services rendered, the employment not having been in compliance with its charter (Laws 1897, c. 378, §§ 123–126) and the civil service rules made thereunder.

Action by William Graham against the city of New York for services rendered as blacksmith's helper in the park department. Defense that plaintiff's employment was in violation of the local civil service regulations. Judgment for defendant.

Ingle Carpenter, for plaintiff.
John Whalen and Wm. B. Crowell, for defendant.

McADAM, J. In order to establish a legal demand against the municipality, even for services rendered, there must first be an employment by lawful authority. In this instance the employment of the plaintiff was by the proper official, but without compliance with the provisions of the defendant's charter (Laws 1897, c. 378, §§ 123–

126) and the civil service rules made thereunder. As a consequence, the employment, and whatever was done under it, created no legal charge against the city. McDonald v. Mayor, 68 N. Y. 23, 23 Am. Rep. 144. A person dealing with the agent of a municipal corporation has no right to presume that he is acting within the line of his duty, but must take care to learn the nature and extent of his authority. McDonald v. Mayor, supra. The cases relied on by the plaintiff do not relate to civil service rules made pursuant to statute, which would be defeated entirely if the courts were to hold that, so long as one employed by a city official does work, he is entitled to recover from the municipality irrespective of the question whether the employment was in accordance with or in violation of such rules. Such a principle, carried to its logical extent, would leave open the sole inquiry whether services had been rendered, and eliminate as irrelevant the question whether they were performed under a valid or illegal employment. The court can hardly be expected to subscribe to such a doctrine. There must be judgment for the defendant.