McBRIDE v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. December 14, 1900.)

CITY EMPLOYES—APPOINTMENT—CIVIL SERVICE—EXIGENCY.

  Though the appointment of a nurse for the asylum of sick children be subject to the civil service law (Laws 1899, c. 370), yet the department of charities, on which the duty of maintaining the asylum is imposed by Greater New York Charter, c. 13, having, in case of exigency, appointed a nurse, it being informed by the civil service commission that no list of eligible nurses from which to make appointments existed, the city is liable for her salary.

Appeal from trial term, Kings county.

Action by Maria McBride against the city of New York. From a judgment for plaintiff on decision of the court, a jury having been waived, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

William J. Carr, for appellant.
William O. Miles, for respondent.

GOODRICH, P. J. The plaintiff sues for salary as nurse in the Randall's Island Asylum under the charge of the department of charities of the city of New York. The city rejects the claim on the ground that the plaintiff's employment was illegal, being in violation of the civil service law (chapter 370, Laws 1899). The plaintiff was appointed by the department on May 27th as "nurse at a salary of $240 per annum, vice Sallie L. Stoudt, action to date May 25th. (Temporary emergency—subject to civil service.)" Before her appointment the department wrote the secretary of the civil service commission, requesting an eligible list for nurses, in order to make appointments therefrom, and received an answer that no such lists were in existence. The plaintiff was thereupon appointed in what seems to have been a public emergency. The Greater New York charter (chapter 13) imposes upon the department the duty of maintaining the Randall's Island Asylum for the care of sick children.

Necessarily incident to that maintenance are nurses. It is true that the plaintiff's appointment is within the requirement of the civil service law. The object of that law is to increase the efficiency of the civil service, but we cannot construe it as intended by the legislature to bring an end to the business of caring for children in the asylum. The duty was imposed upon the department to make provision for continuing the asylum, and there was an exigency which required the department to provide nurses for the care of the children. This duty is a public one, to which the administration of the civil service law is ancillary. It was fulfilled by the appointment of the nurse, and she served as such. For these reasons, we think the judgment should be affirmed.

Judgment affirmed, with costs. All concur.