### ULRICH v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. December, 1900.)

CIVIL SERVICE—TEMPORARY APPOINTMENT.

> Under Laws 1899, c. 370, § 14, subd. 1, which took effect April 19th, declaring that whenever one is appointed provisionally, without competitive examination, to fill a vacancy in a position of the competitive class, owing to there being no one qualified to fill such position permanently, such appointment shall be for only one month, and forbidding successive appointments; and New York Municipal Civil Service Commission rule 34, in force July 11, 1899, to the same effect,—where the salary of one appointed provisionally to a position of the competitive class prior to January 1, 1899, was discontinued August 10, 1899, on the ground that he was not employed in accordance with law, he could not recover for services subsequently performed.

Action by John F. Ulrich against the city of New York for services. Judgment in favor of defendant.

Crandall & Hunter, for plaintiff.

John Whalen and Chas. A. O'Neil, for defendant.

McADAM, J. Prior to January 1, 1899, the plaintiff was temporarily appointed an attendant in the municipal court of the city of New York for the Tenth judicial district, and on the date named entered upon the performance of his duties. His salary was paid to August 10, 1899, and thereafter the defendant refused to pay him for subsequent services on the ground that the period of his appointment had terminated. The plaintiff continued to perform services as attendant to April 9, 1900, and the action is to recover salary between August 10, 1899, and April 9 following. The defense is that subsequent to August 10, 1899, the municipal civil service commission has refused to certify that the plaintiff was appointed or employed in pursuance of law and of the rules made in pursuance of law. On April 19, 1899, chapter 370 of the Laws of 1899 (known as the "White Law") went into effect. Pursuant to this statute, the state civil service commission, July 11, 1889, promulgated and approved the rules adopted by the municipal civil service commission, one of which (rule 34) provides that, in the event of a vacancy in the competitive class which there are urgent reasons for filling, an appointing officer may, if there be no list of persons eligible for appointment after competitive examination, nominate a person to the municipal civil service commission for noncompetitive examination; that such person, if certified by the commission as qualified after such examination, may be appointed provisionally to fill such vacancy

until selection and appointment can be made after a competitive examination, "but such provisional appointment shall not continue for a longer period than one month, nor shall any provisional appointment in force at the time of the adoption and promulgation of these rules continue for a longer period than one month." The position of attendant in the municipal court belonged to the competitive class, and about July 17, 1899, a list of persons eligible for appointment to such position after competitive examination was announced. It has been held by the appellate division (O'Sullivan v. Knox, 66 N. Y. Supp. 611) that rule 34 is authorized by the act of 1899, and is essential to the proper enforcement of the scheme of the statute; and that a temporary appointment in the municipal court, existing July 10, 1899, could not lawfully continue beyond August 10, 1899. See, also, Graham v. City of New York (Sup.) 66 N. Y. Supp. 754. Moreover, apart from the rule, there was a vacancy in the position temporarily held by the plaintiff at the time the act went into effect, and the statute prescribed (section 14, subd. 1) that, even after a noncompetitive examination, a temporary or provisional appointment to such position could not continue for a longer period than one month, and prohibited successive temporary appointments to the same position. It follows that the complaint must be dismissed, with costs.