(35 Misc. Rep. 316.)

DOWLING v. PALMER, Secretary of Board of Education, et al.

(Supreme Court, Special Term, Kings County. June, 1901.)

SCHOOLS—JANITORS—PAY ROLL—NAMES OF HELPERS—PAYMENT OF SALARY—
MANDAMUS.

> Where there was no authority for the requirement of the municipal civil service commission that there should appear on the pay roll, in connection with the name of the janitor of a public school, the names of the persons employed to help him, and the amount paid them, such matter is mere surplusage, furnishing no defense to mandamus to compel the secretary and treasurer of the school board to draw and sign a warrant for a janitor's pay.

Application for a peremptory writ of mandamus by John Dowling against A. Emerson Palmer and another, as secretary and treasurer of the board of education of the city of New York, to require them to draw and sign a warrant for petitioner's pay as janitor of a public school. Granted.

Sanders Shanks, for petitioner.

Luke D. Stapleton, for respondents.

GAYNOR, J. By section 1075 of the city charter it is provided that janitors of the public school houses shall be appointed by the borough school boards. It is conceded that this petitioner is and has been for several years janitor of public school No. 26 in Brooklyn borough at a fixed compensation of $2,445 a year, payable monthly. The payroll presented to the said secretary shows that the petitioner is such janitor at the said yearly compensation, and in the appropriate column the sum of $203.75 is set down as due to him for May, 1901. This suffices to require that he be paid.

The reason given for refusing to draw a warrant to the petitioner for the said sum due him is that on the payroll there appear in connection with his name the names of the persons he employs to help him sweep and scrub, and the amounts he pays them therefor. It appears that heretofore this information has never been on such payrolls, but that the secretary of the municipal civil service commission required that it should be put on this payroll for May and thereafter. There is no authority for this requirement. The school board is required by law to appoint a janitor to care for and clean each school house. He necessarily has to employ more or less help, but that is a thing with which city officials have nothing to do. Such helpers are not paid by the city, and their names on the payroll are mere surplusage; as much so as would be the names of the employés of any contractor with the city. The respondents are quite right in saying that such matter should not be on the payroll, and in asking for a judicial decision thereon. At the same time such surplusage on the payroll is not a reason for refusing the petitioner the writ he prays for.

This payroll is certified by the assistant secretary of the said civil service commission to the effect that the persons named thereon are appointed or employed under the civil service law, which means from the civil service eligible lists. This cannot refer to

the said helpers, for if it did it would be untrue.  It refers only to the janitors, the said information as to helpers being useless surplusage.  The payroll shows the necessary facts as to this petitioner, i. e., that he is the janitor, that his yearly pay is $2,445 and that $203.75 is due him for May; and he and all the other janitors should now be paid without putting them to the trouble and expense of compelling new payrolls to be made out, and to pass the various stages of routine.  The payrolls can hereafter be made without containing such surplus matter and the secretary of the civil service commission can be required by writ of mandamus to certify them; if, indeed, such certification be necessary at all.  People v. Knox, 45 App. Div. 537, 61 N. Y. Supp. 472.

No objection to this application as the proper remedy was taken by the learned counsel for the city, but on the contrary with commendable fairness he united in requesting that the court decide the dispute involved for future guidance and in order to save these janitors further trouble and expense.

Let the writ issue.