(40 Misc. Rep. 408.)

BANNISTER v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County.    April, 1903.)

1. MUNICIPAL CORPORATIONS—ACTION FOR SALARY.

Where the city of New York put an assistant foreman of street repairs on three-quarters time for 19 weeks because the annual appropriation for highways would otherwise have been exhausted, he cannot recover for the quarter days he was laid off.

Action by George E. Bannister against the city of New York.    Dismissed.

L. & A. U. Zinke, for plaintiff.

George L. Rives, Corp. Counsel (E. J. McGuire and Arthur Sweeny, of counsel), for defendant.

HOUGHTON, J.    In August, 1900, the plaintiff was in the employ of the city, through the bureau of highways, as assistant foreman of street repairing in the borough of the Bronx, at a fixed rate of wages of $3 per day; having received his appointment through the proper officer, from the civil service list.    The heads of the department of highways, in July, determined that, unless some economy was practiced in the administration of the department, the appropriation made by the board of estimate for the year would be exhausted. Upon the recommendation of the superintendent, the commissioner of highways issued orders that the labor forces in the bureau of highways for the borough of the Bronx be placed on the 3d of August on three-quarters time.    This order went into effect on that day, and continued in force until the 15th of December following.    The order was read to the plaintiff and all of his men by the foreman.    The three-quarters time was brought about by direction to the men not to go to work until 9 o'clock in the morning, instead of 8, and to stop one hour earlier in the afternoon.    The plaintiff brings this action to recover 75 cents a day for each day that he worked 6 hours instead of 8 during the time said order was in force.    If the plaintiff is entitled to recover at all, it is conceded that he is entitled to recover the sum of $84.75.

At the time the order was issued, the plaintiff protested to the foreman that it was not fair to reduce the working hours, and thus prevent him from earning his full $3 per day.    He stated to the foreman that he was ready and willing to work the prohibited time, and I think it is fair to say that he held himself in readiness to perform a full day's work.    He continued, however, to work at the reduced time, and turned in his account each week for the time which he actually worked, and at the end of each week signed a pay roll which stipulated that he had received his wages in full.    The plaintiff described the

manner in which this pay roll was signed, and the wages received, and says that he had no opportunity to see what the pay rolls contained, and that he merely touched the pen as he passed by the paymaster, assuming that he was signing his name for the money which he actually received. He did, however, receive pay for the full time which he had worked. The plaintiff knew that it was the custom of the department to pay for only such time as a man worked, and he had not theretofore received wages for rainy days when the men did not work, or for times in which he did not report by reason of sickness or vacation.

The plaintiff does not claim that his position was an office to which a salary of $3 a day was attached, and which he was entitled to, whether he worked or not. His contention is that, he having been appointed from the civil service list, by operation of the civil service law (Heydecker's Gen. Laws, p. 150, c. 3), although his superiors had the right to discharge him, they had no right to suspend him, and that for such time as he was suspended without discharge he has the right to compensation. Counsel for the plaintiff, by an elaborate and ingenious brief, seeks to demonstrate that the object of the civil service law would be frustrated by conceding any power of suspension to the heads of departments, and insists that the facts proved by him on the trial bring the case squarely within the principles laid down in Driscoll v. City of New York, 78 App. Div. 52, 79 N. Y. Supp. 479. I do not think that case compels a finding in plaintiff's favor. It is true that the head of the highway department could not arbitrarily suspend the plaintiff, and nullify the policy of the civil service law, by limiting his employment to an hour a day, or half an hour a day, and thus render his position on the civil service list a burden rather than a benefit. The decisions are all careful to limit the power of heads of departments to arbitrary suspension. There may be employés on the civil service list engaged in outdoor work which cannot be performed in rainy weather or freezing weather. Must it be said that an ordinary day laborer must be paid for days on which he cannot work and does no work, simply because he is on the civil service list, and that the city, to escape payment, must discharge him from day to day, and cannot suspend until the weather becomes suitable for him to perform his work? I think that the civil service law is not to be interpreted so harshly against the employer. If it is reasonable to suspend a laborer when he cannot work by reason of the weather, is it not also reasonable to suspend him for a reasonable part of a day because there are not sufficient funds to keep him employed on full time, or because the exigency of repairs or construction do not demand a full day's labor? It is the arbitrary and nullifying act on the part of the heads of departments towards men employed under the civil service law that the courts will protect the employé against, and not, I think, the reasonable and fair exercise of the power of regulating work for the best interests of the municipality and of the laborer as well. An unreasonable curtailment of a day's work, or a curtailment which runs an unreasonable length of time, the courts will protect the employé against. As well, I think, the court should protect the employer in the exercise of the reasonable prosecution of

his work, and temporary suspension for any reasonable cause. In the present case it was considered necessary for the city, on account of lack of funds, to put the force in the borough of the Bronx on three-quarters time; and it was considered, also, better for the men to be employed three-quarters of the time, than to discharge them and let them have no employment at all.

But if the civil service law will not permit of this construction, still the plaintiff cannot recover, because he acquiesced in the situation. He acquiesced in the reduction of time, and took his pay from week to week on that basis. I do not think it is important whether the plaintiff knew the heading to the pay roll which he signed each week or not. He knew that he was receiving his pay for the service performed by him for the preceding week. Where the payment of wages or rent is made from week to week or month to month, the law raises a presumption not only that it is in full, but that all previous payments have been made. In addition to this, the plaintiff continued to work at the reduced time from day to day after being notified that three-quarters time was all he would be permitted to labor. It is true that he protested against it, and said that it was not fair; but still he accepted the situation, and acquiesced in the action of the commissioner by continuing in the employment. His superior had the right to assume by his acts that he acquiesced in the order for reduced time, and, as is said in the Driscoll Case, thus put the city in the position of being unable, through the commissioner, to exercise that right which the commissioner had of discharging him instead of retaining him in employment, and thereby estopped himself from recovering against the city because by his acquiescence he prevented the city from exercising the right which the commissioner had of discharging him. The complaint must be dismissed, with costs.

Complaint dismissed, with costs.