DEERING v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. November 8, 1907.)

1. MUNICIPAL CORPORATIONS—EMPLOYÉS — DISCHARGE — CIVIL SERVICE REGULATIONS.

Plaintiff was appointed temporary investigator of complaints under regulation 34 of the municipal civil service commission in force in 1898, providing that where there is no eligible list for a position a temporary appointment may be made, and that the right of the appointee to retain the position shall cease within five days of the receipt by the appointing officer of an eligible list. No eligible list was ever certified. Regulation 34 of the municipal civil service rules, promulgated July 11, 1899, under express provisions of Laws 1899, p. 795, c. 370, provides that any temporary appointment shall not continue for longer than one month. *Held*, that plaintiff's appointment was temporary, and he could be summarily discharged in one month from the promulgation of the new rules.

2. SAME.

The fact that no eligible list was certified to the appointing officer did not make the temporary appointment permanent.

3. SAME—PUBLIC EXIGENCY AUTHORIZING SUSPENSION OF RULES.

The public exigency under which the civil service laws and regulations yield is such a public necessity as amounts to an emergency, and they may not be disregarded where an appointee's services are merely clerical, consisting in the main of making entries and filing papers in connection with the preparation of a city map, with the completion of which he was not charged.

4. SAME—ACTION FOR SALARY—TITLE TO OFFICE.

The title to a position within the civil service laws cannot be tried in an action for salary.

5. SAME—RIGHT OF RECOVERY—QUANTUM MERUIT.

A person discharged from a position in the civil service of a city to which he was not entitled under the civil service rules cannot recover, in an action for salary, on a quantum meruit for services rendered.

Action by James C. Deering against the city of New York. Judgment for defendant dismissing the complaint on the merits.

Swanstrom & Keyes (J. E. Swanstrom, of counsel), for plaintiff.

F. K. Pendleton (Arthur Sweeney, of counsel), for defendant.

PLATZEK, J.    The plaintiff, on December 22, 1898, was appointed temporary investigator of complaints in the board of public improvements by the president, Maurice F. Hollahan, at a salary of $125 per month, pursuant to regulation 34 of the municipal civil service commission in force in 1898.    On June 30, 1899, or thereabout, Mr. Hollahan notified the plaintiff, in writing, of his appointment as clerk of street openings, at the rate of $1,500 a year.    His name was then placed on the pay roll as clerk of street openings; but the municipal civil service commissioner declined to so certify his name, and it was stricken therefrom.    Before December 22, 1898, plaintiff had taken a civil service examination for the position of clerk and failed to pass.    On December 19, 1899, his name was certified as temporary clerk, and at the end of that month he received and receipted for $52.41 for 13 days' pay at the rate of $125 per month.    The plaintiff's salary as temporary investigator of complaints was paid up to June 30, 1899.    He obtained no compensation from June 30 to December 19, 1899.    He claims to have discharged the duties of investigator of complaints from December 22, 1898, to December 19, 1899.    It is undisputed that all the requirements of regulation 34 of the municipal civil service commission in effect at the time the plaintiff was appointed temporary investigator of complaints were in all respects complied with.    On July 11, 1899, the municipal civil service commission promulgated new regulations, pursuant to chapter 370, p. 795, Laws 1899, including new regulation 34, providing that provisional appointments shall not continue for a longer period than one month, "nor shall any provisional appointment in force at the time of the adoption and promulgation of these rules continue for a longer period than one month, nor another successive temporary appointment be made to the same position under this rule."

The plaintiff contends that he was appointed under the old regulation 34 existing in 1898; that there was then no eligible list in existence; that no proper eligible list was ever made or certified; that he was designated temporarily pending the preparation and certification of a civil service list; that he was entitled to continue in the occupation of his position uninterruptedly until the certification of an eligible list to the appointing officer; that the law of 1899 and the new regulation 34 did not apply to him or his position.    This contention is not sustained by any authoritative adjudications.    The municipal civil service rules of 1898 have been superseded by those promulgated July 11, 1899, pursuant to chapter 370, Laws 1899.    It has been repeatedly held since that an appointment to a position in the civil service of the city of New York, made in 1898, and when no eligible list for the position existed, is temporary in its nature, and the appointee may, under the rules of July 11, 1899, be summarily discharged in one month from the latter date.    People ex rel. Metz v. Lantry, 32 Misc. Rep. 80, 66 N. Y. Supp. 185; Ulrich v. City of New York, 33 Misc. Rep. 508, 67 N. Y. Supp. 716; Matter of O'Sullivan, 54 App. Div. 374, 66 N. Y. Supp. 611, af-

firmed 166 N. Y. 596, 59 N. E. 1128. The fact that the civil service commission failed to certify to an appointing officer an eligible list for a position does not make a temporary appointment permanent. People ex rel. Orr v. Scannell (Sup.) 66 N. Y. Supp. 182.

The record fails to disclose evidence to bring the cause within the rule established in McBride v. City of New York, 56 App. Div. 520, 67 N. Y. Supp. 550, and Gallagher v. Same, 115 App. Div. 662, 101 N. Y. Supp. 229, which plaintiff invokes. In these two cases the courts held that there was an urgent public emergency and exigency for the appointment of a nurse in the Randall's Island Asylum and watchmen in the Brooklyn Disciplinary School, in the absence of an unexhausted eligible civil service list. Where a public exigency exists within the meaning of the civil service laws and regulations, the law and rules yield when the public necessity amounts to an emergency, but not otherwise. The services performed by the plaintiff were not complicated or technical, but merely clerical, and in the main consisted of making entries and filing papers in connection with the preparation of a city map, and with the completion of which map he was not charged.

This action is to recover salary for services performed, and not for damages for a wrongful discharge. Mr. Deering was only an employé (clerk), and not a city officer. To entitle him to recover he should have taken steps to cause his name to be certified (after June 30, 1899) and placed on the pay roll. The question as to the title to the position cannot be tried in an action for salary. Hagan v. City of Brooklyn, 126 N. Y. 643, 27 N. E. 265; Eckerson v. City of New York, 80 App. Div. 12, 80 N. Y. Supp. 168; Walters v. City of New York, 119 App. Div. 464, 105 N. Y. Supp. 950. Nor can the plaintiff recover in this suit on a quantum meruit. Graham v. City of New York, 33 Misc. Rep. 56, 66 N. Y. Supp. 754; Matter of O'Sullivan, 54 App. Div. 374, 66 N. Y. Supp. 611; Haswell v. Mayor, etc., 81 N. Y. 255. It also appears that the plaintiff signed the pay rolls in May, June, and December, 1899; the heading of which stated payments to have been received in full for services for the time and in the capacity named. Query: Did not the plaintiff voluntarily acquiesce in and accept the situation of which he now complains, without objection or protest on his part? Bannister v. City of N. Y., 40 Misc. Rep. 408–412, 82 N. Y. Supp. 244, affirmed 96 App. Div. 625, 88 N. Y. Supp. 1091, and Kent v. Quicksilver Min. Co., 78 N. Y. 189; Beardsley v. City of N. Y. (Law Journal, Sept. 10, 1904) 108 N. Y. Supp. ——.

Judgment for defendant dismissing the plaintiff's complaint on the merits.