ALICE AND GEORGE C. STOCK v. WILLIAM FRYBERGER AND ANOTHER.[1]

May 22, 1936.

No. 30,728.

[1]Reported in 267 N. W. 368.

*Mitchell, Gillette, Nye & Harries* and *W. O. Bissonett,* for appellants.

*M. T. O'Donnell,* for respondents.

JULIUS J. OLSON, JUSTICE.

There are two appeals for determination. The same accident caused the damages to the plaintiffs for which recovery was sought and obtained below.

In an automobile accident in Duluth both plaintiffs suffered personal injuries. They are husband and wife. Both were riding in a Chevrolet coupé belonging to Mr. Stock's employer.

As is common in all such cases, each party blames the other for the accident. Neither concedes any failure to properly act as to himself.

The version of the accident on the part of the contending forces is distinctly at variance with the contentions of the other side. Briefly stated, the two plaintiffs claim that as Mr. Stock was driving his car upon Woodland avenue on a bright, sunshiny January day in 1935, the weather being extremely cold but vision unimpaired, and while he was driving at a rate of between 20 and 25 miles per hour, defendant Herschel Fryberger suddenly backed his Packard car into the traffic lane of the street. This sudden movement of defendants' car was without warning. In the impact between the two cars the front end of Mr. Stock's car was badly smashed. To some extent the left side of the rear end of defendants' car was likewise damaged.

Plaintiffs assert that the Packard car was parked diagonally into the snowbank on the right-hand side of the street. They say that the street had contained a lot of snow which had been pushed to the sides, leaving embankments of snow some six or seven feet in height on either side. The cleaned off portion of the street over which they were passing is claimed by them to have been only some 16

feet in width. As they approached this parked car the driver suddenly backed it into the center of the street, and the collision immediately followed.

In behalf of defendants it is asserted that the car was not in motion at all; that it was parked parallel to the street; and that the width of the cleared portion of the street was 26 feet by actual measurement. There is much testimony in the case to sustain defendants' claims. However, a careful reading of the entire record leaves no doubt in our minds that there was a fact question involved. The court in denying defendants' blended motions for judgment notwithstanding or new trial said:

"The testimony offered in behalf of the plaintiffs was not very satisfactory. However, all the evidence raised a question of fact which necessitated the submission of the case to the jury. The jury could very properly have found a verdict in favor of the defendants, but it failed to do so. Except as to amount [of the verdict], the court has no legal justification to set it aside."

Defendants assert with much force that the weight of the evidence is decidedly with them and that as a consequence the trial court erred in not granting judgment notwithstanding the verdicts.

There was nothing about the trial of the case to arouse passion or prejudice. Both counsel tried the case with vigor but with professional propriety. There is no claim of error in admission or exclusion of evidence nor in the charge of the court. As the trial judge is a man of long experience and possessed of learning and ability, it would have to be a very strong case indeed before this court would be justified in setting aside the result reached.

There is nothing to be gained by further discussion respecting the facts. The verdict for the plaintiff Alice Stock, as reduced by the trial court, cannot be said to be excessive. She suffered severe cuts. She will bear an ugly scar upon her face as long as she lives. While the verdict of $4,500 might seem liberal, we are not disposed to say that the jury was actuated by passion or prejudice in assessing that sum for a lifetime disfigurement. After all, the amount to be awarded in cases of this nature is clearly for the jury. There

being no indication of passion or prejudice and the court having reduced the verdict from $4,500 to $2,500, we can see no justification for disturbing the same.

With respect to the husband's verdict, he having suffered injuries to his person and having incurred expenses for himself and for his wife, it is clear that a recovery of $500 cannot be said to be excessive.

Nor do we find that the court erred in refusing to grant defendants' motion for new trial on the ground of newly discovered evidence. We think the record abundantly supports the trial court in holding that there was lack of diligence.

Affirmed.

STONE, JUSTICE (dissenting).

To me the evidence seems in palpable and manifest preponderance against the verdicts. If that be so in fact, there should be a new trial. That it is so is at least indicated by the concurrence of all of the members of this court with the view of the trial judge that the evidence in support of the verdicts "was not very satisfactory." The character of the damage to the two cars goes far to disprove plaintiffs' theory. It so far corroborates the testimony for defendants that it is doubtful if the jury was at liberty to reject that evidence, which they did in order to arrive at the verdicts.

LORING, JUSTICE, took no part in the consideration or decision of this case.