C. NELSON v. CITY OF EVELETH.[1]

May 22, 1936.

No. 30,719.

[1]Reported in 267 N. W. 261.

*George H. Lommen* and *Mark Nolan,* for appellant.

*M. H. Greenberg, Rudolph J. Peshel, M. F. Teplicky,* City Attorney, and *Philip M. Stone,* for respondent.

HOLT, JUSTICE.

Plaintiff appeals from the judgment rendered in favor of defendant. The action was tried to the court, who filed findings of fact and conclusions of law. There was no motion for a new trial. Amended findings were requested and denied. There are no assignments of error. And from the plaintiff's brief we understand the findings of fact are not questioned or attacked as unsupported; but the claim is that the conclusion of law directing judgment of dismissal with costs against plaintiff is erroneous.

Defendant is a city of the fourth class operating under a home rule charter. Plaintiff has been in its employ as a captain in the fire department ever since some time prior to July 1, 1932. On July 5, 1932, the common council of defendant passed a resolution that the firemen and policemen should work on a three-quarter time basis, and were to receive a 25 per cent reduction in the monthly wage of June, 1932. On July 8, 1932, the common council passed this resolution:

"That all City of Eveleth full-time monthly employees, except day laborers, work on a three-quarter time basis, such salaries to be based on June, 1932, pay roll, and to become effective July 1, 1932."

Plaintiff, with full knowledge of the resolution, continued to work as captain of the city fire department full time from July 1, 1932, to September 1, 1933, and received each month a check which represented a 25 per cent reduction from that received for June, 1932, for which he signed the pay roll as "Received in full." Plaintiff did demand of the chief of the fire department that he be permitted to take one-quarter time off, and was informed that he would be discharged unless he worked full time; but he made no complaint to the city council or to any member thereof. The city council had

the right to change the compensation of the city employes, either by reduction in rate of pay or by putting them on part-time basis. The city civil service commission, duly created and functioning, had the right to hear and determine any charges preferred against a member of the fire department for disobedience of the orders of the chief. The court found that the fire department, during the 14 months involved, was not overmanned; that reasonable efficiency could not be maintained if plaintiff and the other men in the department had taken one-fourth time off, although the department could be operated and protection to life and property given, though not as effectively with all the men on three-quarter time basis; that the fire department did not attempt, by rule or otherwise, to run the department so that the men could take one-quarter time off. Prior to July 1, 1932, plaintiff's monthly wage was $157.50. For the month of July, 1932, and each month thereafter, to and including July, 1933, he received $118.12, and for August, 1933, $130. His services were reasonably worth $157.50 per month during such time.

The complaint alleged that at the special instance and request of defendant plaintiff performed services as a fireman between July 1, 1932, and September 1, 1933, of the value of $2,205, and that he conferred benefits upon defendant in that amount, which it knowingly received, no part of which has been paid except $1,669.44. It is clear that plaintiff was employed by the city at a specific monthly wage; that is, the employment was under an express contract. It is not controverted that, under § 49 of defendant's charter, the city council had the power to fix the compensation for a captain in the fire department; and that no salary can be paid unless so fixed. There was no employment for any definite time; hence there is nothing to hinder the council from either reducing or raising the monthly salary at any time. And the resolutions of July 5 and 8, 1932, must be held valid and effective as reducing plaintiff's monthly salary from $157.50 to $118.12, and as so reduced his salary has been paid in full for the period involved in the suit. Plaintiff ignores the express contract under which he received and receipted for each month's work, and seeks recovery under a *quasi* contract or on the theory that he worked one-quarter longer each day or month than

he was paid for, and the city, having accepted the benefit of the extra work, should pay for the reasonable value thereof. When, as here, services are rendered and paid for monthly under an express valid contract of employment, such contract cannot be rejected and suit be based on a *quasi* contract for reasonable value. This is not a case where the express contract, pursuant to which the services were rendered, is void or invalid because some step precedent to its execution did not conform to the applicable law so that the contract must be wholly ignored by the court. In every one of the decisions relied on by plaintiff the express contract involved was invalid in a secondary sense so that the court, having properly excluded the contract, might consider a recovery on reasonable value or for benefits received and accepted by the defendant municipality. Such was the situation in Laird Norton Yards v. City of Rochester, 117 Minn. 114, 134 N. W. 644, 41 L.R.A. (N.S.) 473; First Nat. Bank v. Village of Goodhue, 120 Minn. 362, 139 N. W. 599, 43 L.R.A. (N.S.) 84; Fargo Foundry Co. v. Callaway, 148 Minn. 273, 181 N. W. 584; Williams v. National Contracting Co. 160 Minn. 293, 199 N. W. 919; Tousley v. Thompson, 166 Minn. 261, 207 N. W. 624; Wakely v. County of St. Louis, 184 Minn. 613, 240 N. W. 103, 84 A. L. R. 920. But here is a valid express contract fixing the monthly wages of an employe of defendant, and that contract cannot be ruled out of the case. The authorities cited from other jurisdictions add nothing that could help plaintiff in the position he is in, and we think this also applies to Bishop v. City of Omaha, 130 Neb. 162, 264 N. W. 447, and City of Louisville v. Thomas, 257 Ky. 540, 78 S. W. (2d) 767. In the Nebraska case the salary of the firemen had been fixed, but to reduce expenses the city arbitrarily laid off the men without pay certain days of the month, the men agreeing thereto. This was held not to estop the men from recovering the full fixed salaries. Here the stipulated wages have been paid, but plaintiff demands pay for extra work. The Kentucky case was brought by the clerk of the municipal court to recover the balance of his salary, he like other officers of the city having for many months accepted less than the amount fixed by law; and the court held that he was not estopped by what he had done from recovering. The court there stressed the pro-

vision of their constitution forbidding a change in the compensation of municipal officers during the term of office.

Plaintiff admits that he knew of the action of the city council in reducing the monthly salary and the working time; but claims that when he applied to the chief of the fire department for the one-fourth time off he was threatened with discharge unless he worked full time. However, plaintiff made no complaint to the city council. He knew that the fire chief could not discharge him without cause. The city has a civil service commission. An employe such as plaintiff cannot be discharged at the whim of a superior. The employe has the right of hearing before the civil service commission. In that situation it fairly cannot be claimed that plaintiff rendered extra service under coercion or duress. The city council, neither as a body nor as individuals, knowingly accepted plaintiff's so-called overtime. Hence, as far as this record discloses, it must be considered that for all services he rendered in the employment he was paid each month the wage the city council had fixed. The learned trial court in the memorandum accompanying the findings states:

"If the plaintiff or other firemen felt that they had a grievance or were in doubt as to their rights they could have appeared before the council and had the matter straightened out. They did not do this. They receipted in full each month when they received their pay, and the council was not advised that they were claiming more than they received. They continued to work under the contract they had. They cannot now claim additional compensation or seek to recover under a contract different from the one they were working under even though they were underpaid for the work actually performed."

We think plaintiff is estopped from claiming any more pay than he has received and receipted for as being in full for each month's service rendered. For over 20 years he had held the same position, receiving his wages monthly, and signing the pay roll acknowledging receipt in full. For the months here involved he did the same thing. He did not resign and did not even complain to the city council. If the wage was not acceptable for the work he rendered

the city he should have quit and given the city opportunity to employ someone else. The situation is similar to that in Putnam v. City of St. Paul, 75 Minn. 514, 78 N. W. 90, where estoppel by acquiescence was applied. Love v. Mayor, 40 N. J. L. 456, 460, is a case much in point. There, as here, the reduction in the salary was made by the authority having the power to fix salaries, and the court said that the employe's continuance in the service "was an assent to the reduction of his salary, and his receipt of monthly warrants and payments during the whole term is an estoppel against any error in the mode of reduction, or the amount fixed by the board of finance and taxation." To the same proposition is Bannister v. City of New York, 40 Misc. 408, 82 N. Y. S. 244.

The judgment is affirmed.

