MAURICE LEVANT v. H. L. BURNS.[1]

June 4, 1937.

No. 31,214.

[1] Reported in 273 N. W. 691.

*Edward W. Peterson* and *M. H. Greenberg,* for appellant.
*Stone, Manthey & Montague,* for respondent.

JULIUS J. OLSON, JUSTICE.

Claimant, Maurice Levant, appeals from a judgment disallowing his claim for certain back salaries asserted to be due from the city of Eveleth. His claim was allowed by the council, but H. L. Burns, the respondent herein, as a taxpayer, appealed to the district court from the allowance thereof. Such appeal is provided for by the city charter.

The facts are not in substantial dispute. Levant was the city clerk duly appointed to be such by the council. His salary was $225 per month. At that rate he was paid until July 1, 1932. On July 7 the council passed the following motion:

"Moved and carried that the following city employes work on three-fourths time basis and under wage scale of June, 1932, and to be effective as of July 1, 1932."

This motion was by its terms made to apply to many of the city's servants and employes, Levant being one of them. From July 1, 1932, until October, 1933, Levant's salary was paid at the rate of $168.75 per month, three-fourths of his original stipend, the payments being made semimonthly. Levant accepted these salary pay-

ments, and as each warrant therefor was issued and delivered he duly signed the pay roll, the heading above the column which he signed reading, "signature, received payment in full." There is some evidence that Levant orally objected to thus signing the pay roll, but he took no other action nor did he seek any other remedy to change the situation.

On July 5, two days previous to the passage of the above quoted motion, the council had adopted a similar motion providing that firemen and policemen "work on a three-fourths time basis under salaries received in June, 1932, * * *. Firemen and policemen to work three-fourths time and receive a 25% reduction in monthly wages." On July 8 a motion reducing the time of certain other city employes was passed. That motion read: "Employes, except day laborers, work on a three-fourth time basis." The motions of July 5 and 8 were before this court in Nelson v. City of Eveleth, 197 Minn. 394, 396, 267 N. W. 261, 262, and were there held valid and "effective as reducing plaintiff's monthly salary." (Plaintiff in that case was captain in the city's fire department.)

Appellant urges upon this appeal that the court erred in finding that the meaning of the motion of July 7, above quoted, was to reduce his compensation, and that the court erred in finding that he accepted the reduced salary from July, 1932, to and including September, 1933, in payment of the *full time* salary of $225 per month. The challenged findings read:

"That by said resolution and by the action taken pursuant thereto the city council of the city of Eveleth reduced the compensation of said Maurice Levant as said city clerk from and after the 1st of July, 1932, to three-fourths of the salary he had received for June, 1932. It was the intent and meaning of the language used in the foregoing resolution to so reduce the said compensation.

"Continuously between the dates of July 1, 1932, and October 1, 1933, payments of plaintiff's salary as city clerk so reduced were made in semimonthly installments to said Maurice Levant. That said Levant, knowing of said resolution and of said reduction in salary, at all times after said resolution continued in said office and continuously accepted payments of his salary as city clerk as so

reduced from July, 1932, to September, 1933, inclusive, in full satisfaction thereof."

Appellant insists upon a literal construction of the motion, asserting that all that was intended thereby was to reduce his *working time*, not his *salary*. One of the councilmen testified at the trial and asserted that there was no intention to reduce salaries by this motion but only the time.

In its memorandum the court aptly states the problems presented and its basis for the challenged findings as follows:

"All must agree to the proposition that the purpose of the resolution adopted by the city council of the city of Eveleth on July 7, 1932, was the cutting of expenditures. The council intended retrenchment. If that was the agreed intention of the city council the resolution as adopted must be so interpreted as to carry out that intention if placing a reasonable construction on the wording of the resolution so permits. Everyone concerned with this case also agrees with the proposition that the city council of the city of Eveleth had and has the power to reduce the salaries of all municipal employes, including charter officials. So we are all in agreement that the city council intended by the resolution in question to reduce municipal expenditures and that in reducing municipal expenditures it had the power to reduce the salaries of all municipal employes and charter officials. The wording of the resolution was unfortunate. Because of its wording it is contended that the council reduced the time and not the salary and that it had no legal authority to so reduce the time. An interpretation of the expression 'three-fourths time basis' does not compel us to say that the employe is instructed to work three-fourths of the number of hours, days, weeks, or months that he had heretofore worked. 'Time' in every day usage also means 'pay.' The practical interpretation placed upon the phrase used in the resolution by the city paying and the officials and employes accepting a 25 per cent reduction in salary and wages for a period of 15 months properly determines its meaning, and such an interpretation also carries out the intention of the city council.

"There is no testimony in the case to the effect that any officer or employe affected by the resolution of July 7, 1932, worked less hours than he previously worked. He did not interpret the resolution to be a reduction in time and as to several of them it would not have been impractical to have put in six hours a day where previously they had worked eight hours a day or more."

The troublesome word in the motion is "time." The court thought, and we think correctly, that as here used it meant "pay." What workingman would doubt that "time and a half for overtime" meant extra pay for such "overtime" rather than simply "time" as measured by the clock? To anyone reading the present record the conclusion seems inescapable that the trial court reached the right result. We think it is apparent from a mere reading of the three motions of July 5, 7, and 8 that it was the design and purpose of the city council to cut expenditures of city government. Times were hard. Labor was unemployed. Retrenchment in government cost was everywhere sought and in most cases practiced. Charity forbids the thought that any court should give credence to the belated claims of claimant and the other officers who have taken a similar position so as thereby to set for naught what they and their tax-burdened citizens unquestionably understood and intended to be *retrenchment* in governmental expenditures. Conduct oftentimes is much more persuasive than mere words. Appellant's present claims are not a correct portrayal of what everybody intended to do when these motions were adopted and reduced salaries accepted. It is clear to us that these belated recollections of past events are so obviously out of line with what must have been intended by these people that their oral testimony at the time of trial is entitled to no worth-while weight. Where would be the financial savings to the city if *time* alone were to be reduced but not the *compensation?* Such construction would clearly lead to absurdity.

Of course the legislative intent is the aim sought in construing language of doubtful meaning whether that be employed in statutes or ordinances. Rules of interpretation are but guides to aid us. "The fundamental aim of construction is to ascertain and give

effect to the intention of the legislature, as expressed in the language used." 6 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 8940, and cases cited under notes. Also to be remembered is the rule that, "the construction of a statute must be reasonable,— such as the language used will reasonably bear. It must be practical. Questions involving government must not be determined along technical lines. Broad and practical consideration should control." *Id.* § 8939, and cases cited under notes.

We are of opinion that the facts and circumstances surrounding the passage of the motions mentioned, including the motions themselves, as well as the subsequent conduct of the present claimant and those associated with him, all point to an intention of accepting salary reductions rather than diminution of the time devoted to the particular service. Such construction is but giving effect to what obviously appears.

The judgment is affirmed.

