HARVEY SPAULDING v. BOARD OF
COUNTY COMMISSIONERS, KANDIYOHI COUNTY.

238 N. W. 2d 602.

January 9, 1976—No. 45639.

*Ronald R. Frauenshuh* and *Charles B. Fahlberg*, for appellant.

*Ronald H. Schneider*, County Attorney, and *David C. Lingren* and *Dennis Neeser*, Assistant County Attorneys, for respondent.

Heard before Rogosheske, Yetka, and Amdahl, JJ., and considered and decided by the court en banc.

DOUGLAS K. AMDAHL, JUSTICE.*

Appeal by Harvey Spaulding, retired sheriff of Kandiyohi County, from an order of the district court denying his alternative motion for amended findings or for a new trial after the court's order dismissing Spaulding's claim against the county for accrued sick leave.

Appellant was the sheriff of Kandiyohi County from January 3, 1958, to January 31, 1972. On February 6, 1968, a policy of employment was adopted by the Kandiyohi Board of County Commissioners. That policy included, among other employee benefits, a sick leave policy providing, so far as material here:

"All regular employees shall be entitled to one day sick leave per month. * * * Upon retirement, either by age or disability, severance pay of accumulated sick leave days shall be paid at the rate of 75% [of accumulated sick leave multiplied by the employee's present hourly rate] * * *."

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

514

Appellant received a copy of the employee policy and assumed he was included. The trial court found:

"There is nothing in the record that the Board of County Commissioners or any member thereof or any one authorized to act on behalf of the Board made any representations to the plaintiff that he would be considered an employee of the County under the Kandiyohi County Policy of Employment."

Nevertheless, Spaulding included his own sick leave use in periodic reports made to the county regarding sick leave utilization of sheriff's personnel. He argues that by accepting such reports the county incurred a duty to advise him that he was not covered and that, failing in the performance of such duty, it was estopped from denying coverage at the time of his retirement.

Appellant further alleges that upon the assumption he was entitled to the accumulated sick leave benefit upon retirement, he reported to work despite illness in order to save the leave, did not apply for salary increases, and retired before his term expired in the expectation that the accumulated sick leave pay would augment his retirement finances.

The issues here are three:

(1) Was appellant included within Kandiyohi County's employee sick leave policy?

(2) Could the county have included appellant within the policy absent statutory authorization?

(3) Does the doctrine of equitable estoppel apply to estop the county from denying coverage to appellant?

The county sick leave policy does not include appellant. The policy specifically covers "employees." There is a well-recognized distinction between county employees and county officers. 4 Antieau, Local Government Law, § 34.00; 3 McQuillin, Municipal Corporations (Rev. vol. 1973) § 12.30; Rhyne, Municipal Law, § 8-2. The sheriff is a county officer. Minn. St. 382.01.

Recognizing the overriding necessity of protecting public

funds, this court in Jerome v. Burns, 202 Minn. 485, 490, 279 N. W. 237, 240 (1938), and more recently in Galob v. Village of Hibbing, 297 Minn. 414, 417, 211 N. W. 2d 878, 881 (1973), has approved the rule stated in 4 McQuillin, Municipal Corporations (Rev. vol. 1968) § 12.193, that "[w]here an officer performs duties imposed by law he is entitled to the compensation therefor fixed by law and no other."

The Kandiyohi County sick leave policy is by its terms a severance pay provision. Counties are authorized to make severance payments to "employees" under Minn. St. 465.72. It is evident that the legislature was aware of the distinction between officers and employees and limited the severance pay provision to employees because under Minn. St. 471.61 the county is authorized to provide group insurance for "officers and employees."

No statutory authority exists for payment to a county officer of severance pay in the form of accumulated sick leave. Absent such authorization, the county could not have included appellant in its sick leave policy.

The trial court determined "[t]here was no duty on the part of the Board of County Commissioners to specifically advise plaintiff that he was not covered by the policy statement." We agree with that determination. But even if we assumed for purposes of argument that a duty did exist, such an assumption would not aid appellant. The county cannot be bound by estoppel to make unauthorized payments. In Board of Education v. Sand, 227 Minn. 202, 211, 34 N. W. 2d 689, 695 (1948), this court stated:

"* * * Estoppel cannot be invoked to confer upon a political subdivision of the state governmental power otherwise lacking."

See, also, 2 Antieau, Local Government Law, § 16A.04, and 10 McQuillin, Municipal Corporations, § 29.104c, to the effect that a municipality will not be estopped with respect to ultra vires acts.

Affirmed.